**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2011

No. 09-50655
No. 10-50681

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS CRAIG CANON,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
No. 7:08-CR-208-5

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas Canon appeals his conviction on several counts related to trafficking in cocaine.  We have reviewed the briefs, pertinent portions of the record,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50655
No. 10-50681

and the applicable law and have heard the arguments of counsel. Because there is no reversible error, we affirm.

Canon claims the district court gave an erroneous jury instruction, before the government put on its case, regarding circumstantial evidence. Because Canon did not object to the instruction, we review for plain error. There was nothing plainly wrong with the instruction, and in its final instruction to the jury, after both sides had rested, the court gave instructions from this circuit's pattern jury charges. Even if there was error, it was harmless.

Canon claims insufficient evidence in regard to several counts. Because he properly preserved the claim, we ask whether a reasonable trier of fact could find guilt beyond a reasonable doubt, viewing the evidence favorably to the verdict. There is easily enough evidence of Canon's conduct to satisfy this burden on appeal.

Canon claims the government presented insufficient evidence to establish venue in the Western District of Texas. Although some of the acts took place in the Northern District of Texas, there is ample evidence of acts in the Western District that initiated, perpetuated, or completed the crimes of conviction. Canon's assertion that venue was not properly established in the Western District is meritless, as is his assertion that the district court improperly took judicial notice that Midland is in the Western District.

AFFIRMED.

2